UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

FLOYD WILSON,                                          **AMENDED**
                                    Plaintiff,         **COMPLAINT**

        -against-                                      20 CV 05550 (VEC)

CITY OF NEW YORK, SANDRA MARTINEZ, Individually,       <u>Jury Trial Demanded</u>
AYOTUNDE ADENIYI, Individually, LINDA WOODS,
Individually, CHRISTINE OAKLEY, Individually,

                                    Defendants.

--------------------------------------------------------------------------------X

        Plaintiff FLOYD WILSON, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of

the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

<u>**JURISDICTION**</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

<u>**VENUE**</u>

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff FLOYD WILSON is a fifty-seven-year-old African American man who resides in Bronx, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, SANDRA MARTINEZ, AYOTUNDE ADENIYI, LINDA WOODS, and CHRISTINE OAKLEY, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

**FACTS**

12.     On May 14, 2019, at approximately 6:42 p.m., plaintiff was a lawful pedestrian on the north west corner of Hughes Avenue and East 179th Street, Bronx, New York, when he was needlessly subjected to excessive force and falsely arrested by defendant NYPD officers SANDRA MARTINEZ, AYOTUNDE ADENIYI, LINDA WOODS, and CHRISTINE OAKLEY.

13.     On the aforesaid date and time, defendants WOODS and OAKLEY were seated in a marked NYPD vehicle which was parked on 179th Street.  Defendant Sergeant ADENIYI was leaning into the drivers' side of the vehicle, speaking with WOODS and OAKLEY.

14.     Plaintiff was lawfully walking toward his home and toward the marked NYPD vehicle occupied by defendants WOODS and OAKLEY.

15.     As plaintiff was walking by, one of the defendant officers said to plaintiff, in sum and substance: "what the fuck did you say to me?"

16.     Plaintiff responded, by saying, in sum and substance: "I don't fuck with the police," and continued walking.

17.     Although plaintiff had neither committed any crimes nor offenses, nor was he engaged in any suspicious activity, defendant ADENIYI, dressed in plainclothes, ran around the NYPD vehicle and charged at plaintiff without any justification.

18.     Defendant ADENIYI then proceeded to brutally punch plaintiff in the face approximately two times while simultaneously rushing him towards a wall.  Defendant ADENIYI, along with defendants MARTINEZ, WOODS, and OAKLEY, then slammed plaintiff to the ground, resulting in plaintiff sustaining multiple abrasions to his right elbow, left wrist, and both of his knees.

3

19.     While plaintiff was being taken down to the ground, and while on the ground, defendant MARTINEZ punched plaintiff several times, and defendant ADENIYI punched plaintiff at least one more time.

20.     Defendants subsequently pulled plaintiff's hands behind his back and twisted his wrists.

21.     Plaintiff informed the defendants that he had titanium in his left wrist from a prior injury, and that the manner in which the defendants were twisting his wrist was painful.

22.     Defendants ignored plaintiff's complaint and continued to use unreasonable force and to inflict gratuitous pain as they handcuffed plaintiff.

23.     Plaintiff was arrested and transported to the 48th Precinct, held for approximately one hour, and then transported in police custody to St. Barnabas Hospital for medical treatment.

24.     Plaintiff was transported back to the 48th Precinct after the hospital evaluated, treated and discharged him where he was held for approximately two more hours before being transported to Bronx County central booking.

25.     Plaintiff was subsequently released from central booking without any charges being lodged against him after the Bronx County Assistant District Attorney's Office declined to prosecute plaintiff for any of the false charges levied against him by defendants.

26.     Plaintiff thereafter filed a complaint with the City's Civilian Complaint Review Board ("CCRB") against defendants MARTINEZ and ADENIYI.

27.     The CCRB substantiated charges of Abuse of Authority and Force against defendant ADENIYI, and the case is currently being handled by the CCRB's Administrative Prosecution Unit.

28.     As a result of the foregoing unlawful acts by the defendants, plaintiff suffered,

4

*inter alia*, a fractured right nasolabial fold, post traumatic deformity of his right mandibular condyle, left periorbital swelling, abrasions to his knees and elbows, a head injury, facial contusions, exacerbation of his preexisting left wrist fracture, ongoing back and knee pain, emotional distress, and loss of liberty

29.     Defendants MARTINEZ, WOODS, and OAKLEY either directly participated in the above illegal acts or failed to intervene in them despite a meaningful opportunity to do so.

30.     Defendant ADENIYI supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, use of excessive force, lax investigations of police misconduct, and fabrication

32.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from investigations by the New York City Department of Investigation Office of the Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained on the use of force and the probable cause needed to make an arrest.

33.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

34.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35.     All of the aforementioned acts deprived plaintiff FLOYD WILSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.     As a result of the foregoing, plaintiff FLOYD WILSON sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

6

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The individually named defendants arrested plaintiff FLOYD WILSON without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41.     The individually named defendants caused plaintiff FLOYD WILSON to be falsely arrested.

42.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     The level of force employed by the individually named defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff FLOYD WILSON'S constitutional rights.

45.     As a result of the aforementioned conduct of defendants, plaintiff FLOYD WILSON was subjected to excessive force and sustained physical and emotional injuries.

46.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to

7

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants MARTINEZ, WOODS, and OAKLEY had an affirmative duty to intervene on behalf of plaintiff FLOYD WILSON, whose constitutional rights were being violated in their presence by other officers.

49.     The individually named defendants failed to intervene to prevent the unlawful conduct described herein.

50.     As a result of the foregoing, plaintiff FLOYD WILSON'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

51.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendant ADENIYI held a supervisory rank and caused plaintiff's constitutional

8

injury by being personally involved in violating plaintiff's constitutional rights and failing to properly supervise and train his subordinate employees.

54.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

57.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff FLOYD WILSON rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff FLOYD WILSON.

9

59.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff FLOYD WILSON as alleged herein.

60.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff FLOYD WILSON as alleged herein.

61.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff FLOYD WILSON was unlawfully arrested and subjected to excessive force.

62.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff FLOYD WILSON'S constitutional rights.

63.     All of the foregoing acts by defendants deprived plaintiff FLOYD WILSON of federally protected rights, including, but not limited to, the right:

      A.     To be free from false arrest;

      B.     To be free from excessive force; and

      C.     To be free from the failure to intervene.

64.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to, and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

69.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

70.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Defendants arrested plaintiff FLOYD WILSON without probable cause.

73.     Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

74.     As a result of the aforementioned conduct, plaintiff FLOYD WILSON was unlawfully imprisoned in violation of the laws of the State of New York.

75.     As a result of the aforementioned conduct, plaintiff FLOYD WILSON suffered

physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

76.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*

77.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     As a result of the foregoing, plaintiff FLOYD WILSON was placed in apprehension of imminent harmful and offensive bodily contact.

80.     As a result of defendant's conduct, plaintiff FLOYD WILSON has suffered physical pain, injuries, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

81.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*

82.     As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Battery under the laws of the State of New York)

83.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.   Defendants made offensive contact with plaintiff without privilege or consent.

85.   As a result of defendants' conduct, plaintiff FLOYD WILSON has suffered physical injuries, pain, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

86.   Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87.   As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

88.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.   Defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of defendant ADENIYI who conducted and participated the use of force and arrest of plaintiff FLOYD WILSON.

90.   Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the ADENIYI to engage in the wrongful conduct heretofore

alleged in this Complaint.

91.    As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

92.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of defendant ADENIYI who conducted and participated in the use of force and arrest of plaintiff FLOYD WILSON.

94.    As a result of the foregoing, plaintiff FLOYD WILSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

14

**WHEREFORE**, plaintiff FLOYD WILSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        March 5, 2021

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff FLOYD WILSON
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

                                        By:     _Brett Klein_____
                                                BRETT H. KLEIN (BK4744)

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

FLOYD WILSON,

                                             Plaintiff,

          -against-

                                                            20 CV 05550 (VEC)

CITY OF NEW YORK, SANDRA MARTINEZ, Individually,
AYOTUNDE ADENIYI, Individually, LINDA WOODS,
Individually, CHRISTINE OAKLEY, Individually,

                                             Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132